UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DOUGLAS J. BOLLEFER,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. C19-1856-BAT

**ORDER TO SHOW CAUSE REGARDING SENTENCE SIX REMAND**

On further examination of the parties' assertions, the Court *sua sponte* **ORDERS** the Commissioner to show cause by **April 24, 2020**, why this case should not be remanded to consider new, material evidence under sentence six, 42 U.S.C. § 405(g). For this reason, the Court also **RENOTES** *pro se* plaintiff's motion to amend the briefing schedule, Dkt. 21, to **April 24, 2020**. Plaintiff is directed to file with the Court the documents labeled Dockets 054108 and 054109 by **April 24, 2020** and may, but is not required to, address the order to show cause within his optional reply on his motion to amend the briefing schedule.

Plaintiff alleged that he mailed two documents identified as Dockets 054108 and 054109—so-labeled because they were part of a state unemployment benefits action—and that those documents should have been part of the administrative record alongside Docket 054107. Dkt. 14; *see* Tr. 14–16 (Docket 054107). Although the Commissioner responded that there was

ORDER TO SHOW CAUSE REGARDING SENTENCE SIX REMAND - 1

no proof that Dockets 054108 and 054109 had ever been received, plaintiff cited photo scans of the first pages of Dockets 054108 and 054109 that currently exist in the administrative record, Dkt. 18, at 5–6; *see* Tr. 437–47, and noted that those documents had been submitted as a three-document bundle with Docket 054107, which is reprinted in full and labeled as claimant-supplied evidence in the administrative record, Dkt. 14, at 2–3; *see* Tr. 10–13. Plaintiff asserted that Dockets 054108 and 054109 are relevant to the question of alleged onset date. Dkt. 18, at 5. Although the ALJ's partially favorable decision found plaintiff disabled as of May 2016, Tr. 31, plaintiff alleged that Dockets 054108 and 054109 support his alleged onset date in July 2013. Dkt. 18, at 5.

Sentence-six remands may be ordered where new, material evidence is adduced that was for good cause not presented before the agency. 42 U.S.C. § 405(g); *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). The Court finds that plaintiff has demonstrated good cause for remanding for the Commissioner to consider for the first time Dockets 054108 and 054109: the agency appears to have received the documents but lost them. The Court finds that this evidence is material based on plaintiff's undisputed assertion that Dockets 054108 and 054109 support an onset of disabling symptoms as early as 2013. The Court will therefore remand this case under sentence six for the Commissioner to include in the administrative record and to consider Dockets 054108 and 054109 unless the Commissioner can suggest another way this evidence can be properly considered by the Court.

The Court **ORDERS** the Commissioner to show cause by **April 24, 2020**, why this matter should not be remanded under sentence six of 42 U.S.C. § 405(g) so the documents labeled Dockets 054108 and 054109 can be included in the administrative record and reviewed before the matter returns (if at all) for consideration by this Court. Given the Commissioner's

assertion that the documents cannot be located, plaintiff is directed to submit Dockets 054108 and 054109 to the Court by **April 24, 2020**. The Court **RENOTES** plaintiff's motion to amend the briefing schedule to **April 24, 2020**, because it may be mooted, i.e., rendered unnecessary, by the sentence-six remand.

DATED this 10th day of April, 2020.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge